JENNIE BINGHAM, APPELLANT, v. JAMES K. BURLINGAME, AS SHERIFF, ETC., RESPONDENT.

*Docketing of decrees of a surrogate — form of the execution to be issued upon them — Code of Civil Procedure, sec. 2554.*

In July, 1879, a decree was entered by the surrogate of the county of Monroe against one Bingham, and thereafter and in November of that year the same was docketed in the clerk's office of that county. On November 16, 1880, an execution was issued thereon, tested in the name of one of the justices of the Supreme Court, and subscribed with the name of the attorney of the owners of the judgment.

*Held,* that the execution was void for the reason that it had not been issued by the surrogate or his clerk under the seal of his court, as required by section 2554 of the Code of Civil Procedure, which took effect September 1, 1880, and determined the form and manner in which executions upon such previously docketed judgments should be issued.

APPEAL from an order of the Monroe County Court, denying the plaintiff's motion for a new trial, made on the minutes of the justice before whom the action was tried. The jury rendered a verdict in favor of the defendant.

*J. A. Adlington,* for the appellant.

*J. Sullivan,* for the respondent.

SMITH, P. J.:

Replevin for a piano. The defendant justified under an execution issued against the property of George E. Bingham, the plaintiff's

husband, upon a decree of the surrogate of the county of Monroe. The defendant alleged that the piano was the property of the husband, and was levied on as such. The decree was entered in July, 1879, and docketed in the clerk's office of said county in November, 1879. The execution was issued on the 16th of November, 1880, and was tested in the name of one of the justices of this court, and subscribed with the name of the attorney of the owners of the judgment.

It was objected at the trial, and is now contended by the plaintiff's counsel, that the execution was void, it not having been issued by the surrogate or his clerk under the seal of his court, as required by section 2554 of the Code of Civil Procedure. The respondents claim that the case is controlled by the provisions of statute that were in force when the present Code took effect (Laws 1837, chap. 460, § 64, as amended by Laws 1844, chap. 104, § 2), and that as the execution complies with those provisions in all respects, except the teste, it is valid, a mistake or omission in the teste not rendering it void or voidable. (Code Civ. Pro., § 24; *Park* v. *Church*, 5 How. Pr. R., 381.)

We think the plaintiff's counsel is right in his contention. The acts of 1837 and 1844, above referred to, were repealed by chapter 245 of the Laws of 1880 (§ 1, subs. 14 and 21), which took effect the 1st of September, 1880. The repeal of a statute arrests and terminates all proceedings under it which are not fully completed, unless there is a saving clause exempting them from the operation of the repeal. (*Butler* v. *Palmer*, 1 Hill, 324, and cases there cited; *Angel* v. *Town of Hume*, 17 Hun, 378.) The only saving clauses in chapter 245 bearing upon this question are the second and fifth subdivisions of the third section. So far as those provisions affect this case, subdivision 2 saves any right lawfully accrued or established prior to the taking effect of the act, and the fifth subdivision saves any future proceeding taken pursuant to law in an action or special proceeding pending in a Surrogate's Court, "except as otherwise implied in the Code of Civil Procedure." That is to say, the right is preserved, but the new remedy provided by the Code must be followed. A like construction has been given frequently to similar statutes. (*People* v. *Livingston*, 6 Wend., 529, 531; *McCotter* v. *Hooker*, 8 N. Y., 497, 504; *Acker*

v. *Acker*, 81 id., 143, 149; *In re Election of Trustees of New York Express Co.*, 11 Weekly Dig., 483.) In *People* v. *Livingston* (*supra*), SAVAGE, Ch. J., instanced several repealing statutes that saved pending remedies as well as rights, and he pointed out the distinction between them and the statutes with which he was dealing. What we have said accords with the views expressed by us in the *Matter of Gates* (26 Hun, 179, 180) as to the meaning and effect of subdivision 5 of section 3 of chapter 245.

The respondent's counsel refers us to subdivision 11 of section 3347 of the Code of Civil Procedure, but we think it has no application to the case. By the express terms of the opening clause of that section the eleventh subdivision has no application " where a particular provision included within a chapter, or a portion of a chapter," specified in a subdivision of that section, " expressly designates the courts, persons or proceedings affected thereby. Section 2554 is such a provision.

The opening clause of section 3347 is not adverted to in the *Matter of Underhill* (4 Redf. Surr. R., 318), cited by the respondent's counsel. The other cases cited by him are not in conflict with the views above expressed. *Bean* v. *Tonnele* (1 Civil Pro. R., 33) held merely that the *right* contended for by the appellant was saved to him. In *Clark* v. *Hutchinson* (1 Code R., 127) the remedy was expressly preserved by statute. (Code of Pro.; Laws 1848, chap. 379, § 246.) The question in *Ex parte The New York, etc., Mining Company* (22 Wend., 636) arose under chapter 386, Laws 1840, which preserved all prior " suits or proceedings." (Sec. 38.)

As, in the instance before us, the repealing statute saved the right only to issue an execution, but not the form and manner of issuing it, which was provided by the former statute, it follows that a valid execution could only be issued as provided by section 2554 of the Code. The execution upon which the defendant relied, not having been issued out of the Surrogate's Court, as prescribed by that section, was void, its reception in evidence was error and it constituted no defense.

The order should be reversed and a new trial ordered in the Monroe County Court, costs to abide event.

HARDIN and BARKER, JJ., concurred.

So ordered.